■ In the Matter of GEORGE ZOUVELOS, Petitioner, v NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, Respondent. [1 NYS3d 47]—

Determination of respondent, dated August 5, 2013, which, after a hearing, revoked petitioner's license as a bail bondsman, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael D. Stallman, J.], entered Sept. 11, 2013), dismissed, without costs.

Respondent's determination is supported by substantial evidence establishing that petitioner committed serious misconduct in connection with his bail-bond business (*see Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984]; Insurance Law § 6802 [k]). In particular, the evidence supports, among other things, the findings that petitioner operated Spartan Bail Bonds without a license in violation of Insurance Law § 6802 (a), falsely stated on his application for a bail-bond-agent license for Spartan Bail Bonds that he was not presently charged with a crime when criminal charges were pending that subsequently resulted in petitioner pleading guilty to criminal possession of a weapon and attempt to obstruct the arresting officers (*see* Insurance Law § 6802 [k] [3]), and that he engaged in extensive misconduct "demonstrat[ing] his incompetency or untrustworthiness to act as a licensee" (Insurance Law § 6802 [k] [6]). The record further supports the finding that petitioner demonstrated his untrustworthiness and incompetence through numerous other acts of misconduct and by giving conflicting and unpersuasive justifications for his actions in an attempt to minimize or obscure his culpability.

Finally, based on the foregoing and in light of the record evidence indicating that petitioner abused his position of power over criminal defendants and their indemnitors by, among other things, refusing to timely return substantial collateral due them and imposing excessive and unsubstantiated fees, the penalty of license revocation does not shock the conscience (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233-234 [1974]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.